No. 621

QUAKER OATS CO. et v. N. O. T. & L. CO.

Ohio Appeals, 9th Dist., Summit Co.

No. 922. Decided April 2, 1925

305. CONVEYANCES — When containing following:—"Give and grant in so far as the grantors have the right to do so", the grantee takes a risk as to what the grantor had to convey.

PER CURIAM.

The Quaker Oats Co. brought an action in the Summit Common Pleas against the Northern Ohio Traction & Light Co. to recover money which it was claimed was due as the result of the failure of the Traction Co. to carry out the covenants of a conveyance executed by the Oats Company on Aug. 2, 1911. The subject matter of the conveyance is what is known as the "Cascade Mill Race," and by said conveyance the Oats Co. reserved to itself the free and unimpeded flow of the Cuyahoga River through said race. It was covenanted in said conveyance that the grantee, the Traction Co., must maintain the free and uninterrupted flow through the race to the land and mills of the Oats Co. and upon failure to do so, the Oats Co. might enter upon the mill race, make such repairs as are necessary to. restore the flow of water and collect cost and expense for such repairs from the Traction Co.

These are the expenses for which an endeavor was made to collect from the Traction Co. which had repaired the race until Aug. 14,

1918 and from then on had refused to make such repairs as were necessary for the maintenance of said raceway. The Court below directed a verdict in favor of the Traction Co.

Error was prosecuted and it was contended by the Traction Co. that the Quaker Oats Co. did not have anything to convey to them at the time of execution and delivery of said conveyance; that the consideration utterly failed; and that at most if anything was received under the conveyance it was nothing more than an easement which they had a right to abandon without further obligation to the Oats Co. The Court of Appeals held:

1. The thing conveyed was a right to "occupy the land and estates of the grantors in Cascade Mill Race" and the conveyance purported only to "give and grant in so far as the grantors have the right to do so" and was "without warranty, express or implied, as to title or otherwise.

2. "Cascade Mill Race" had been in existance and openly and adversely used in connection with the property of the Oats Co. and its predecessors in title since 1833, and the Traction Co. took the risk as to the extent of the right and title therein of the Oats Co.

3. The title and interest of the Quaker Oats Co. was at least sufficient to constitute a consideration for the promise which the Traction Co. made, and it is not important as to whether the grant was that of a mere easement or of a greater interest.

4. In any event the Traction Co. took a chance as to what it would receive by the conveyance, and agreed that whatever it was, it would in consideration therefor forever keep the race in repair or pay therefor. Judgment reversed and cause remanded.

Attorneys—Wm. D. McKenzie and Waters, Andress, Southworth, Wise & Maxon, for Oats Co; Mather, Nesbitt and Willkie, for Traction Co; all of Akron.